In the Matter of the Claim of HARRY BAKER, Respondent, against HORICON SCHOOL BOARD and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Claimant was injured in the employ of the school board while shoveling gravel onto a truck, in company with his brother Ellis, Robert Waters and other men. Waters was the truck driver. The brother Ellis threw gravel from his shovel into the cab of the truck, after warning by Waters not to do so, and thereupon an altercation arose between Ellis and Waters. During this scuffle the claimant placed his hand on Waters' shoulder and warned the men to stop before they got hurt, and then resumed his shoveling. Subsequently, how long after is uncertain from the evidence, Waters holding a stone in his hand struck claimant twice in the head and face, and inflicted serious injuries. When struck claimant was unaware of Waters' intentions and movements. One witness testified that Waters " had been insane before." The Industrial Board has found that claimant did not initiate the quarrel and was not the aggressor. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of SAM ALOISI, Respondent, against CHARLES HAT- KOFF and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Appeal from an award of April 19, 1934. Claimant suffered two injuries, one in 1929 and one in 1933. Nine hundred dollars was paid in lump sum for 1929 injury and the case closed, after which claimant worked eleven months without pain. Appeal is from the award for the 1933 injury. There is sufficient evidence in the record to sustain the award. Award affirmed, with costs to the State Industrial Board. McNamee, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents and votes to reverse the award and to remit claim on the ground that the evidence indicates the present disability arises from the accident of 1929, aggravated by the accident of 1933, and that each of the carriers should contribute.

In the Matter of the Claim of ELEXINA WHITE, Respondent, against NORTH- EAST UTILITY CONTRACTORS, INC., Respondent; AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the American Mutual Liability Insurance Company, insurance carrier of Northeast Utility Contractors, Inc., from awards of the State Industrial Board which imposed upon it dependency awards made to the widow and minor children of Valdemar White, deceased workman, as well as from a dependency award to Susie White, his mother. The only question is whether Northeast Utility Contractors, Inc., or J. C. Rowland, Inc., was the employer of the deceased workman. The deceased was accidentally killed on October 17, 1932, being crushed between two automobiles on a ferry boat. He was *en route* with an automobile truck to transport a shipment from New Jersey to New York. The evidence establishes that the deceased was employed as a chauffeur by J. C. Row- land, Inc., until August 1, 1932. From that date until the day of his death he was employed by the Northeast Utility Contractors, Inc., as chauffeur. The North- east Utility Contractors, Inc., in its report of injury designated the deceased as its employee. He was paid his salary by that concern from August 1, 1932. There is evidence to sustain the finding of the State Industrial Board that deceased was the employee of the Northeast Utility Contractors, Inc. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.